Kyle Curtis Patrick Cloutier

#21379424

82911 Beach Access Rd.

Umatilla, OR.97882

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Portland

KYLE CURTIS PATRICK CLOUTIER,
#21379424,

        Plaintiff,

Vs.

STATE OF OREGON,

OREGONDEPARTMENT OF CORRECTIONS,

OSP STAFF BHS TANAY WELEBR,

OSP BHS STAFF NINA V., OSP SUPERINTENDENT

CORY F., OSP MEDICAL STAFF HIDY MILLER,

JOHN AND JANE DOE 1 - 5,

        Defendants.

Case No.  2:25-cv-1317 SB

**CIVIL COMPLAINT FOR DAMGES**
(42 U.S.C.§ 1983, First, Eighth and Fourteen;
Amendment; Negligence)

JURY TRIAL DEMANDED

(Verified)

**PAGE 1 OF 18 CIVIL COMPLAINT FOR DAMAGES KYLE C.P. CLOUTIER**

## PRELIMINARY STATEMENT

1. Plaintiff Kyle Curtis Patrick Cloutier brings this action under 42 U.S.C.§ 1983 against the named defendants' actions for violation of the Eighth and Fourteenth Amendments to the United States Constitution by failing to provide proper medical/mental health treatment care to Plaintiff, both after August 20th,2024 and over the next year during which he experienced excruciating an ongoing medical/mental health issues and untreated medical/mental health defendants have refused to provide appropriate diagnostics or treatment.

2. Additionally, Plaintiff has suffered retaliatory conduct by defendants since seeking legal redress for his harm. Plaintiff also alleges supplemental state law claims negligence. Plaintiff seeks declaratory and injunctive relief, an award of compensatory damages in an amount to be determined at trial, and an award of reasonable attorney fees and cost under 42 U.S.C. §1983.

3. Plaintiff is currently in the custody of Oregon Department of Corrections ("ODOC") at Two Rivers Correctional Institution ("TRCI").

4. Defendants are individuals who, during the time of Plaintiff's incarceration, have had authority and responsibility for his treatment, safety, and care.

5. Plaintiff has fully exhausted his available administrative remedies.

6. Plaintiff seeks equitable relief, compensatory and punitive damages, declaratory and injunctive relief, as well as attorney fees and costs as set forth below.

## JURISDICTION & VENUE

7. Jurisdiction is conferred upon this court by 28U.S.C.§ 1331, federal question jurisdiction, and pursuant to 28 U.S.C. § 1343(A)(3) and (4), civil rights jurisdiction.

8. Venue is in the District of Oregon pursuant to 28 U.S.C.§1391 (b) because the claim arose in this Judicial District and all Defendants are employed by ODOC in OSP, which is located in Marion County.

## PARTIES

9. Plaintiff KYLY CURTIS PATRICK CLOUTIER of the United States. At times material, Plaintiff was incarcerated in the custody of ODOC and housed at OSP in Marion county, Oregon and at SRCI Snake River Correctional Institution, in Ontario County, Oregon.

10. Defendant, **The State of Oregon** operates the Oregon Department of Corrections (ODOC) which owns, staffs, and operates OSP.

11. Defendant, **The Oregon Department of Corrections** – IN ALL IT'S ENTITY'S Defendants Oregon Department of Corrections is sued in his individual and official capacities.

12. Defendant OSP BHS STAFF TANAY WELEBER Defendant T, WELEBER is sued in her individual and official capacities.

13. Defendant OSP BHS STAFF NINA V. Defendant NINA V. is sued in her individual and official capacities.

14. Defendant OSP SUPERINTENDENT CORY, F. Defendant CORY, F. is sued in his individual and official capacities.

15. Defendant OSP Correctional Officer JOHN DOE Defendant JOHN DOE. is sued in his individual and official capacities.

16. Defendant OSP Correctional Officer JOHN DOE Defendant JANE DOE. is sued in her individual and official capacities.

17. Defendant OSP Correctional Officer JOHN DOE Defendant JOHN DOE. is sued in his individual and official capacities.

18. Defendant OSP Correctional Officer Defendant JOHN DOE. is sued in his individual and official capacities.

19. Defendant OSP Correctional Officer Defendant JOHN DOE. is sued in his individual and official capacities.

20. Defendant OSP HIDY MILLER Defendant HIDY MILLER. is sued in her individual and official capacities.

21. At all times relevant, Defendant's employees and supervisors, were acting under color of State law as their conduct is alleged herein, and deprived and violated Plaintiff's rights when they were acting within the course and scope of their employment.

## FACTUAL ALLEGATIONS

Plaintiff Kyle Curtis Patrick Cloutier alleges as follows:

1. Plaintiff's mental health issues are a cumulation of multiple head injuries, a lifetime of trauma, and substance use disorders that have worsened with time into a permanent psychosis. Plaintiff's severe symptoms cannot simply be explained away as" unspecified psychotic disorder" that the Defendant incorrectly assumes to have been resolved and was only ever an issue when induced by methamphetamine use. On the contrary, Plaintiff is plagued by constant anxiety, sleep issues, memory loss, poor impulse control, paranoia, voices in his head, and emotional dysregulation, all of which is worsened by months in punitive solitary confinement.

2. The severity of Plaintiff's symptoms is inescapable. At night, Plaintiff sleeps with shoes on because he's scared someone will touch him and he needs the ability to get up quickly. He is tormented by nightmares and often wakes up screaming or discovering that he has urinated his bed. As a result, Plaintiff may go three to four days without sleeping. During the day, Plaintiff remains on high alert, constantly fearing that his belongings may be taken from his cell. The anxiety often becomes overwhelming, making it hard for Plaintiff to breathe and at times leading to episodes of loss of consciousness.

3. At the age of three, Plaintiff suffered a traumatic brain injury requiring hospitalization and he has since suffered several additional head injuries as an adult. Plaintiff was diagnosed with dyslexia as a child and presumed to have other learning disabilities. More likely then not, Plaintiff's brain injuries from childhood either caused or worsened his baseline present day cognitive impairments. In addition, Plaintiff is frequently afflicted with hallucinations, voices in his head, and paranoia all of which makes emotional regulation, impulse control, and decision making extremely challenging. The severity of his symptoms has caused him to attempt suicide on multiple occasions.

4. Plaintiff also suffers from chronic vision issues which cause   frequent headaches, dizziness, and loss of balance.

5. Plaintiff's medical/mental health conditions have gone wholly unaddressed by Defendant.

**PAGE 6 OF 18 CIVIL COMPLAINT FOR DAMAGES KYLE C.P. CLOUTIER**

6. Plaintiff should receive proper evaluations and treatment, as well as immediate telemedicine referrals to appropriate medical/mental health specialist, per the community standard of care required.

7. Prisoners who ask for improved conditions or proper medical/mental health care may be retaliated against. Retaliation may include receiving a disciplinary report and/or being intimidated by staff, transfer to another prison ("diesel therapy"), or further denial of medical/mental health care.

8. On or About August 3,2024 plaintiff was placed in OSP DSU ("HOLE") with an AIC that was on an out of cell restraint tether order for threats of violence to Oregon Department of Corrections staff and inmates, if anyone was placed in the cell while he was in the hole. OSP staff where a where that plaintiff was an inmate with Seriously Mentally Ill and suffers from Disabilities. This was listed for ALL ODOC Staff to see. ODOC OSP staff placed plaintiff in said cell with the inmate for sport. While plaintiff was in the cell he was assaulted, beat, kicked, food taken, poked with a home-made knife "shank" in the back, ribs and chest. OSP ODOC staff seen this and laughed. as plaintiff begged for help from the ODOC staff. ODOC OSP staff encouraged said inmate to keep it up while laughing. This went on until the 7th of august 2024.

9. On the 7th of august 2024, Plaintiff was allowed out of his cell to go to the recreation yard for 30 minutes. When Plaintiffs 30 minutes was over he was tolled to go back to his cell. Plaintiff wanted to be moved out of the cell because he was afraid for his safety and wellbeing. ODOC

OSP staff tolled Plaintiff he will not be moved. Plaintiff then asked for a higher up and was tolled "NO".

10. OSP ODOC staff said you can take a shower then go back to your cell. At that time OSP ODOC staff made unprofessional remarks that set off Plaintiffs Mental Health Disabilities along with the days of continued assaulted and attack that Plaintiff went through, Triggered a Serious Mental Health Crisis. That lasted for a few hours that resulted in a SWAT team from the streets to be called and OSP BHS staff to be called to help.

11. Plaintiff was able to calm down and moved to a different cell and was placed in a cell with blood and feces/poop on all the walls for over 30 days. Plaintiff was not given any bedding or allowed to clean the cell for over 30 days. Plaintiff was taken to OSP medical however no treatment was given other than blood presser/temp check. OSP ODOC staff took pictures of hands and face. And refused to take pictures of any of the injuries that Plaintiff stained while celled up with the inmate.

12. Defendant then placed Plaintiff in "Long-term Placement Lockdown" AS Punishment for the symptoms of the Plaintiffs Mental Illness and Disabilities and as alternative to providing Mental Health Care. At the time Plaintiff was a Seriously Mentally Ill (SMI) LEVEL 3. The Highest Level of Care. Plaintiff was treated with punitive measures by the custody staff to control the plaintiff's behavior without regard to the cause of the behavior, the efficacy of such measures, or the impact of those measures on the Plaintiff Mental Illness/Disabilities Violates the Eighth Amendment.

13. Plaintiff Classified as an Adult in Custody (AIC) with SERIOUS MENTAL ILLNESS THREE (3) (SMI-3). A designation that follows The Americans with Disabilities Act (ADA) for guidelines for treatment and conditions for Isolating Plaintiffs so classified.

14. Defendant circumvented the procedures and rules in a manner that violates Plaintiffs Constitutional Rights to be FREE FROM CRUEL AND UNUSAL TREATMENT UNDER the United States Constitution's 8th Amendment as well the Oregon Constitution Article 1, § 13,16 and 23. Plaintiffs right to be free from unnecessary rigor.

15. Plaintiff has a Severe Mental Health Crisis Brought on by defendants' actions and behaviors of OSP ODOC staff.

16. In retaliation for Plaintiffs Mental Health Crisis brought on by Defendant. Defendant intentionally delayed filing Plaintiffs Disciplinary Report (DR) for approximately 14 days. During this delay Plaintiffs Mental Health Code went from SMI-3 TO SMI-2, This effectively changes how Plaintiffs behavior would be addressed.

17. Had Defendant followed the rules for writing a Disciplinary Report (DR), Plaintiff would have been a (SMI-3), A designation that would have limited the DSU isolation sanction for AIC suffering from Severe Mental Health Issues. Plaintiff would have served 30 days AND been given Mental Health Treatment instead of Disciplinary Punishment And Retaliation by defendants.

18. On August 20th ,2024 OSP STAFF BHS TANAY WELEBR come to OSP DSU, where Plaintiff was being housed and told Plaintiff that, she had Removed his (SMI-3) DOWN TOO (SMI-2). Defendant did this with OUT DOING An EVALUATION. Defendant then told Plaintiff, that I hope you learn from what you did and that you think about it with the "LONGTERM ISOLATION".

19. On August 27th ,2024  OSP BHS STAFF NINA V. was called down to OSP DSU, by John Doe to address the kit that was sent by Plaintiff. To address as to why Defendant OSP STAFF BHS TANAY WELEBR, had removed Plaintiffs (SMI-3) DOWN TO A (SMI-2), OUT DOING A EVALUATION. While Plaintiff was talking with OSP BHS STAFF NINA V. Defendant was doing an Evaluation to cover for the mistake made by Defendant OSP STAFF BHS TANAY WELEBR.

20. On August 21st ,2024 John Doe served Plaintiff with a DR right after his (SMI-3) was removed.

21. On August 22,2024 at 7:30am Plaintiff was taken too a Disciplinary board, where he told the hearing officer what was going on about the Defendants removing Plaintiffs SMI-3. And it is illegal to sentons or punish Plaintiff in the manner that is being polyad.

22. John Doe hearings officer then sent an E-mail to BHS OSP John Doe about Plaintiffs Clime. Defendant then received an E-mail Back to hold off from going forward with DR proceedings. Plaintiffs hearing was postponed.

**PAGE 10 OF 18 CIVIL COMPLAINT FOR DAMAGES KYLE C.P. CLOUTIER**

23. A week or so goes by and the Plaintiff is taken back before the Disciplinary board defendant tells Plaintiff that it has been long enough, and he is moving forward with the hearing. Without regard to what OSP BHS STAFF have to say. Plaintiff is then sentenced to 90 days of punitive segregation and loss of everything.

24. Plaintiff is never allowed out of his cell for over 8 weeks, showers are denied by Defendants and food is withheld sometimes for days. His water was shutoff and would not be given any water for 48 hours. Plaintiffs cell was striped bear for weeks on end, Defendants would bang on the cell door to keep the Plaintiff awake and kept the cell light on for weeks on end. Water was tossed through the cell door on to the Plaintiff to freeze Plaintiff and wet the close that he had on and pepper spray was discharged in order to case breathing problems do to Plaintiffs medical conditions with Asma.

25. Defendants did this knowing that there was NO CAMRAS IN DSU HOUSING. And that the other defendants will not step in to stop the assaultive actions of other Defendants.

26. Plaintiff is moved to SRCI (I.M.U.) LONGTREM ISOLATION on or about November 9th 2024.

27. During the hole time Plaintiff has been trying to get medical/mental health help and Defendants have not provided adequate medical/mental health care.

**PLAINTIFFR'S FIRST CLAIM FOR RELIEF**

**(42 § 1983 Deprivation of Constitutional Rights)**

**(Violation of the Eighth Amendment to the US Constitution)**

**CRUEL AND UNUSUAL PUNISHMENT IN FAILURE TO PROVIDE ADEQUATE TREATMENT AND DIAGNOSES OF PLAINTIFF'S SERIOUS MEDICAL/MENTAL HEALYH CONDIOTION**

28. COUNT 1: Complex Post-traumatic Stress Disorder (CPTSD), Traumatic Brain Injury (TBI), Schizoaffective Disorder, Substance Use Disorder, Probable Cognitive Impairment, Possible Antisocial Personality Disorder, Potential Additional Undiagnosed Mental Health Conditions.

29. Plaintiff re-alleges all prior paragraphs as fully stated herein.

30. Plaintiff presents with serious diagnosed and potentially undiagnosed mental health conditions including but not limited to: Complex Post-traumatic Stress Disorder (CPTSD), Traumatic Brain Injury (TBI), Schizoaffective Disorder, Substance Use Disorder, Probable Cognitive Impairment, Possible Antisocial Personality Disorder, Potential Additional Undiagnosed Mental Health Conditions.

31. Upon information and belief, since July 2024, Plaintiff has lived in various categories of solitary confinement as a form of punishment. In other words, at his filing of HABEAS CORPUS CONDISHIONS OF CONFINEMENT, Plaintiff has lived in isolation for eight months. Plaintiff's prolonged confinement in the 'hole' has only exacerbated his pre-existing mental health conditions. Plaintiffs understanding is that the sole method for release from

solitary confinement is the completion of various 'IMU therapy packets' which Plaintiff has repeatedly communicated that he cannot comprehend them without help. Plaintiffs inability to complete the packets forces him to remain in an environment that worsens his symptoms rather then providing a feasible opportunity to progress out of isolation.

32. While in IMU Plaintiff tried to commit suicide by over dosing on suboxone opioid pills. This was in a result to not being provided the help he needed. The defendants never knew or where told about it.

33. Plaintiff's medical/mental health conditions have gone wholly unaddressed by Defendant. Plaintiff should receive proper evaluations and treatment, per community slandered of care required. Specifically, Plaintiff is requesting medical/mental health care, including but not limited to:

34. Prompt establishment of a comprehensive mental health medication regimen including:

    a. A mood stabilizer

    b. An antipsychotic medication to address both mood regulation and aggression;

    c. Limit the use of punitive disciplinary segregation and isolation regardless of Plaintiffs current or future seriously mentally ill (SMI) status;

    d. Immediate reassignment of an MH3 diagnosis and correlating SMI designator;

e.  Immediate telehealth evaluation with an outside neuropsychologist;

f.  Ongoing and timely treatment that is consistent with the neuropsychologist's recommendations including but not limited to diagnostics and treatment plains;

35. Plaintiff's "ongoing and worsening symptoms" do to the inadequate medical/mental health care by Defendants. Plaintiff was once again referred to an ophthalmologist in March 2025 for additional testing.

36. Plaintiff's medical conditions have gone wholly unaddressed by Defendant. Plaintiff should Plaintiff should receive proper evaluations and treatment, per community slandered of care required. Specifically, Plaintiff is requesting medical/mental health care, including but not limited to:

37. Expedite scheduling appointment with ophthalmologist for Retinal Nerve Fiber Layer Optical Coherence Tomography (RNFL OCT), Optical Coherence Tomography (Mac OCT), and color vision testing; and

38. An order to follow any and all recommendations of the ophthalmologist, including but not limited to diagnostics, medications, treatment, and referrals to other specialists.

## PLAINTIFFR'S SECOND CLAIM FOR RELIEF
### (Deprivation of Art. 1 § 16 of the Oregon Constitution)
### UNNECESSARY RIGOR IN DEFENDANT'S FAILUURE TO PROVIDE PROPER
### MEDICAL/MENTAL HEALTH CARE

**COUNT 1:**

39. Complex Post-traumatic Stress Disorder (CPTSD), Traumatic Brain Injury (TBI), Schizoaffective Disorder, Substance Use Disorder, Probable Cognitive Impairment, Possible Antisocial Personality Disorder, Potential Additional Undiagnosed Mental Health Conditions.

40. Plaintiff re-alleges all prior paragraphs as fully stated herein.

41. Plaintiff presents with serious diagnosed and potentially undiagnosed mental health conditions including but not limited to: Complex Post-traumatic Stress Disorder (CPTSD), Traumatic Brain Injury (TBI), Schizoaffective Disorder, Substance Use Disorder, Probable Cognitive Impairment, Possible Antisocial Personality Disorder, Potential Additional Undiagnosed Conditions which is a violation of Plaintiff's constitutional rights to treatment and adequate medical/mental health care.

42. By failing to provide access to proper medical/mental health care, Defendant violates Plaintiff's rights under the Eighth Amendment to the United States Constitution and Article 1, Section 13, 16 and 23 of the Oregon Constitution.

**COUNT 2: Chronic and Persistent Vision Loss:**

43.   Plaintiff re-alleges all prior paragraphs as if fully stated herein.

44.  Defendant has refused to provide Plaintiff with proper medical care and treatment for his vision loss, which is a violation of Plaintiff's constitutional rights to treatment and adequate medical care.

45.  By failing to provide access to proper medical care, Defendant violates Plaintiff's rights under the Eighth Amendment to the United States Constitution and Article 1, Section 13, 16 and 23 of the Oregon Constitution.

46.  Plaintiff suffers from disabilities and other mental health issues and asks this honorable court to please help by appointing a attorney that specializes in federal 1983 § U.S.C. civil complaints.

47.   By Plaintiff summiting this document to this honorable just courts Plaintiff feels that his safety and well being are at stake and retaliation from Defendants will come forth in a many a way and ask this honorable to step in to protect the Plaintiffs wellbeing an safety from the Defendants.

## PRAYER FOR RELIEF

Plaintiff prays for the following judgment against Defendants:

a.   A sum which will fully compensate Plaintiff for his physical pain and suffering;

b.   A sum which will compensate plaintiff for his emotional distress;

c.   A sum which will fully compensate Plaintiff for his economic losses;

d.   An award of punitive damages;

e.  For reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; Equitable relief;

and for such other and further relief as the Court may deem just and equitable.

Plaintiff demands a trial by Jury.

Dated 7-25-25

Respectfully Submitted,

KYLE CURTIS PATRICK CLOUTIER
SID No. 21379424 TRCI
82911 BEACH ACCESS RD
UMATILLA OR 97882

**VERIFICATION**

I, Kyle Curtis Patrick Cloutier, have read the forgoing complaint and hereby verify that the matters

alleged heroin are true, except as to matters alleged on the information and belief, as to those, I

believe them to be true. I certify under penalty of perjury that the forgoing is true and correct.

Executed at Umatilla OREGON.  7-25-25

KYLE CURTIS PATRICK CLOUTIER
SID No. 21379424 TRCI
82911 BEACH ACCESS RD
UMATILLA OR 97882

**CERTIFICATION**

I Kyle Curtis Patrick Cloutier, hereby certifies that to the best of the person's knowledge,

information, and belief, formed after an inquiry reasonable under the circumstances is not being

**PAGE 17 OF 18 CIVIL COMPLAINT FOR DAMAGES KYLE C.P. CLOUTIER**

presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; the factual contentions have evidentiary support or, if specifically, so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and the denials of factual contentions are warranted on the evidence or, if specifically, so identified, are reasonably based on belief or a lack of information.

I have not submitted records or other documentary evidence supporting my allegations at this time because such records are not currently available to me.

I will submit all necessary documents supporting my allegations with the assistance of counsel after development of the record and after discovery as allowed by the Federal Rules of Civil Procedure.

I further declare that the statements contained in this petition are true to the best of my knowledge and belief, and that I understand they are made for use as evidence in court and are subject to penalty of perjury.

Dated 7-25-25

Kyle Curtis Patrick Cloutier
Sid No. 21379424 TRCI
82911 Beach Access Rd
Umatilla OR. 97882

**PAGE 18 OF 18 CIVIL COMPLAINT FOR DAMAGES KYLE C.P. CLOUTIER**

# CERTIFICATE OF SERVICE

**CASE NAME:** Cloutier                          v.  ODOC

**CASE NUMBER:** (if known)  N/A — NEW

COMES NOW, Kyle Cloutier CP                          , and certifies the following:

That I am incarcerated by the Oregon Department of Corrections at Two Rivers Correctional Institution.  **(TRCI)**

That on the **25** day of **July**          , **2025**, I personally gave Two Rivers Correctional Institution's e-filing service a true copy OF THE FOLLOWING:

| | |
|---|---|
| **1.** | 42 USC §1983 |
| **2.** | Civil Cover Sheet |
| **3.** | |
| **4.** | |
| **5.** | |
| **6.** | |
| **7.** | |
| **8.** | |
| **9.** | |
| **10.** | |
| **11.** | |
| **12.** | |
| **13.** | |
| **14.** | |
| **15.** | |

(Signature) _____

Print Name: _____

SID #: _____

Page 1 of 1 – Certificate of Service